UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | Protective Order |
| v. | 22 Cr. 650 (JPO) |
| JOEL ZUBAID, | |
| DAVID GORAN, | |
| JULIAN REBIGA,<br>  a/k/a "Iulian Rebiga," and | |
| MARTIN MIZRAHI,<br>  a/k/a "Marty Mizrahi" | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that

is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

1. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendant;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action.

3. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

## **Other Provisions**

4. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

5. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall

be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

7. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from: Joel Zubaid. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such seized ESI, which shall be deemed Sealed Material unless otherwise designated.

### Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: ___/s/ BK/ED_____     Date:    1/3/2023
Benjamin Klein / Emily Deininger
Assistant United States Attorneys


_____     Date: _____
Robert Hartmann, Esq.
Counsel for Joel Zubaid


_____     Date: _____
Kristoff Williams, Esq.
Counsel for Julian Rebiga


_s/ Sam Braverman_____     Date:  1/10/2023
Samuel Braverman, Esq.
Counsel for David Goran


_____     Date: _____
Richard Portale, Esq.
Counsel for Martin Mizrahi


SO ORDERED:

Dated: New York, New York

   _____


                                    _____
                                    THE HONORABLE J. PAUL OETKEN
                                    UNITED STATES DISTRICT JUDGE

5

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: *[signature]*   Date: _____1/3/2023_____
Benjamin Klein / Emily Deininger
Assistant United States Attorneys


_____   Date: _____
Robert Hartmann, Esq.
Counsel for Joel Zubaid


_____   Date: _____
Kristoff Williams, Esq.
Counsel for Julian Rebiga


_____   Date: _____
Samuel Braverman, Esq.
Counsel for David Goran

*[signature]*   Date: _____1/5/23_____
Richard Portale, Esq.
Counsel for Martin Mizrahi


SO ORDERED:

Dated: New York, New York

_____

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

5

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date: _____1/3/2023_____
Benjamin Klein / Emily Deininger
Assistant United States Attorneys


_/s/ Robert Hartmann_____   Date: 1/4/2023
Robert Hartmann, Esq.
Counsel for Joel Zubaid


_____   Date: _____
Kristoff Williams, Esq.
Counsel for Julian Rebiga


_____   Date: _____
Samuel Braverman, Esq.
Counsel for David Goran


_____   Date: _____
Richard Portale, Esq.
Counsel for Martin Mizrahi


SO ORDERED:

Dated: New York, New York

_____

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

5

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____1/3/2023_____
Benjamin Klein / Emily Deininger
Assistant United States Attorneys


_____              Date: _____
Robert Hartmann, Esq.
Counsel for Joel Zubaid


_____              Date: _____1/10/23_____
Kristoff Williams, Esq.
Counsel for Julian Rebiga


_____              Date: _____
Samuel Braverman, Esq.
Counsel for David Goran


_____              Date: _____
Richard Portale, Esq.
Counsel for Martin Mizrahi


SO ORDERED:

Dated: New York, New York

    January 10, 2023

_____
J. PAUL OETKEN
United States District Judge