

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

> The parties' agreed-upon pretrial disclosure deadlines set forth below are approved and adopted.
> Disclosures pursuant to 18 U.S.C. § 3500, *Giglio*, and Rule 26.2 shall be made two weeks in advance of trial, i.e., by January 31, 2024.
> So ordered.
>     12/15/2023

**BY ECF**

The Honorable J. Paul Oetken
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

*[signature]*
J. PAUL OETKEN
United States District Judge

    Re:   *United States v. Zubaid et al.*, 22 Cr. 650 (JPO)

Dear Judge Oetken:

    The Government respectfully submits this letter on behalf of the parties to inform the Court that, in light of the filing deadlines the Court has scheduled in advance of the February 14, 2024 trial date, the parties have jointly agreed to the following pretrial disclosure deadlines, which they request that the Court adopt:

    January 8, 2024:   The parties provide notice to each other, consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called during the Government's case-in-chief and the defendants' cases, if any.

    January 22, 2024:   The parties exchange lists of exhibits that they reasonably expect to introduce in their cases and lists of witnesses whom they reasonably expects to call in their cases. These exhibit and witness lists will be subject to good-faith revision as the parties continue to prepare their cases for trial.

    The parties have not been able to reach an agreement regarding the disclosure of material covered by 18 U.S.C. § 3500, *Giglio v. United States*, 405 U.S. 150 (1972), and Federal Rule of Criminal Procedure 26.2. The Government proposes that the deadline for such disclosures should be February 7, 2024, one week in advance of trial. Counsel for defendants Martin Mizrahi and Julian Rebiga propose that the deadline should be January 15, 2024, more than four weeks before trial. The parties recognize that 3500 and Rule 26.2 obligations are continuing, so when new material is generated after the pertinent deadline, such material will be timely provided.

    The Government believes that disclosure of Section 3500, *Giglio,* and Rule 26.2 materials one week in advance of trial is sufficient, appropriate, and in line with standard practice in this district, including in cases more complex than this one. *See, e.g.*, *U.S. v. Avenatti*, 559 F. Supp. 274, 285-86 (S.D.N.Y. Sept. 9, 2021) (declining to order earlier disclosure of materials where Government agreed to provide them one week before trial); *U.S. v. Rodriguez-Perez*, 2012 WL

3578721, at *11 (S.D.N.Y. Aug. 16, 2012) (approved one-week-prior-to-trial scheduled for *Giglio* and Jencks Act materials).  The Government does not believe that the Section 3500 and Giglio materials for this case will be particularly voluminous, and some of those materials, including reports of witness interviews, have already been produced in discovery.  Moreover, Section 3500 materials *cannot* be ordered to be produced until after the relevant witness has testified on direct examination.  18 U.S.C. § 3500(a); *See also, e.g.*, *Avenatti*, 559 F. Supp. at 285-86; *United States v. Jackson*, 345 F.3d 59, 76 (2d Cir. 2003).

The Defense, on the other hand, believes that disclosure of Section 3500, *Giglio*, and Rule 26.2 materials just one week in advance of trial is unreasonable, particularly in a multi-defendant fraud trial,  *See United States v. Parnas*, 2021 WL 2981567, at *6 (S.D.N.Y. July 14, 2021) (Oetken, J.) ("In this District, the Government typically produces 3500 and *Giglio* material reasonably in advance of trial following good-faith discussions." *Parnas* was a two-week trial), particularly considering the complexity of the instant trial involving multiple alleged business-email-compromise and credit card schemes, multiple conspiracies, dozens of cryptocurrency transactions, and a score of credit card transactions.  The Defense cites to the following fraud trials in this District where the Section 3500 disclosure deadline exceeded one week.  *See, e.g.*, *United States v. Stewart*, 15-CR-287-JSR-2, January 29, 2016 Minute Entry (setting Section 3500 disclosure deadline 24 days prior to trial); *United States v. Guldi, et al.*, 19-CR-126-AKH, Dkt. 92 (setting Section 3500 disclosure deadline 20 days prior to trial); *United States v. Avenatti*, 19-CR-374-JMF, Dkt. 160 (setting Section 3500 disclosure deadline 12 days before trial).

The parties agree that the dates set forth herein do not alter the parties' reciprocal discovery obligations or the obligation to produce materials obtained pursuant to Federal Rule of Criminal Procedure 17(c), absent an order to the contrary.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney


By:    /s/
        Emily Deininger
        Benjamin Klein
        Assistant United States Attorneys
        Southern District of New York
        (212) 637-2472 / (914) 993-1908


cc:    All counsel (by ECF)